

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# USA v. Sosa-Rodriguez

Precedential or Non-Precedential:

Docket 1-1218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sosa-Rodriguez" (2002). *2002 Decisions.* Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1218
_____


UNITED STATES OF AMERICA

v.

MIGUEL SOSA-RODRIGUEZ,
a/k/a MIGUEL SOSA

Miguel Sosa-Rodriguez,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal Nos. 99-cr-00450-3, 00-cr-00551-1 & 00-cr-00552-1
(Honorable Harvey Bartle, III)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2001

Before:  SCIRICA and BARRY, Circuit Judges,
and MUNLEY, District Judge*




*The Honorable James M. Munley, United States District Judge for the
Middle
District of Pennsylvania, sitting by designation.

(Filed:  February 5, 2002)

_____

OPINION OF THE COURT
_____


PER CURIAM.

Miguel Sosa-Rodriguez was sentenced to a ten-year prison term following his guilty plea to conspiracy to distribute marijuana, illegal reentry after deportation, and money laundering. He appeals his sentence. We will affirm.

On January 28, 2000, defendant Sosa-Rodriguez pled guilty to an indictment for conspiracy to distribute more than one thousand kilograms of marijuana, in violation of 21 U.S.C. 846. On October 26, 2000, Sosa-Rodriguez pled guilty to illegal reentry following deportation, in violation of 8 U.S.C. 1326, and money laundering, in violation of 18 U.S.C. 1956(h). The cases were consolidated for purposes of sentencing.

On June 26, 2000 after the drug conspiracy plea, but before sentencing the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000), in which it announced the rule that any fact that raises the maximum statutory penalty is an element of the crime that must be proved to the fact finder beyond a reasonable doubt.

On January 22, 2001, Sosa-Rodriguez was sentenced. The District Court granted the government's motion to depart from the sentence specified by the United States Sentencing Guidelines (under which he likely would have received a life sentence) for substantial cooperation, under United States Sentencing Guidelines 5K1.1. Defendant was sentenced to ten years in prison.

Prior to entering the judgment of sentence, the District Court informed defendant of the effect of the Apprendi decision. Because the quantity of marijuana distributed changed the maximum sentence, the government would be required, if the case went to trial, to establish beyond a reasonable doubt that the conspiracy involved more than one thousand kilograms of marijuana. At the time he entered his plea, he would not have been aware of this element of the government's trial burden. The District Court offered defendant an opportunity to withdraw his plea in light of Apprendi. Defendant declined to do so.

Following his sentencing, defendant filed a notice of appeal. His court-appointed attorney subsequently filed an Anders brief, in which he stated his view that there were no non-frivolous issues for appeal, following the guidelines prescribed in Anders v. California, 386 U.S. 738 (1967).

There is no basis on which to conclude the District Court lacked jurisdiction, the plea was inadequate, or the sentence was beyond the authority of the District Court.  The only possible non-frivolous issue centers on the effect of Apprendi.

Because defendant was informed of the effect of Apprendi, and was given the opportunity to withdraw his plea in light of it, there can be no argument that his plea was defective because of a lack of knowledge of the burden faced by the government at trial.

In his notice of appeal, defendant states that counsel was ineffective.  Except where the ineffectiveness of counsel is plain on the face of the record, see United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991), "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed."  United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989), overruled in non-relevant part, United States v. Price, 76 F.3d 526 (3rd Cir. 1996).

The ineffectiveness is not plain on the face of the record.  Therefore, any challenge to the effectiveness of counsel at the time of sentencing must be made in a collateral proceeding under 28 U.S.C.  2255.

Accordingly, we will affirm the judgment of sentence.

TO THE CLERK:

        Please file the foregoing opinion.



                                        Circuit Judge

DATED: